STATE OF NEBRASKA, APPELLEE, v. JAMES HAROLD
THOMPSON, APPELLANT.
201 N. W. 2d 204

Filed October 6, 1972. No. 38372.

James Harold Thompson, pro se.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

After a first degree murder charge was reduced as a result of a plea bargain, defendant James Harold Thompson pleaded guilty to a charge of second degree murder, and was sentenced to life imprisonment. The defendant

now contends that he understood that a sentence of 10 years to life would be imposed rather than a life sentence, and that the plea bargain was not carried out. The record abundantly demonstrates that the trial court made certain that the defendant understood the nature of the charge, the possible penalty, and the effect of his plea. See, State v. Turner, 186 Neb. 424, 183 N. W. 2d 763; State v. Cruse, 187 Neb. 331, 190 N. W. 2d 629. The plea bargain was that the first degree murder charge would be reduced to second degree with a recommendation by the State of imprisonment for life. That agreement was fully complied with in every respect. State v. Kimes, 188 Neb. 85, 195 N. W. 2d 216, is inapplicable.

The trial court made it specifically clear to the defendant that the sentence would be a life sentence "with no minimum, which would mean that the statutory minimum of 10 years would apply for certain purposes." The minimum sentence for second degree murder is 10 years. § 28-402, R. R. S. 1943. The court here did not express any minimum in the sentence. For purposes of eligibility for parole, the statutory 10-year minimum term applies. Eligibility for parole is the same as though 10 years had been expressed as the minimum of an indeterminate sentence. See, §§ 83-170(5) and 83-1,110(1), R. R. S. 1943.

There is nothing in the record to support defendant's contention that his guilty plea was induced in any sense by a reasonable misunderstanding of a plea bargain. That bargain was fully carried out.

The judgment is affirmed.

AFFIRMED.