STATE OF NEBRASKA, APPELLEE, v. MICHAEL HEDGLIN, APPELLANT.

222 N. W. 2d 829

Filed October 31, 1974. No. 39465.

Richard E. Gee, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is a criminal case wherein defendant pled guilty to a charge of burglary. He was given an indeterminate sentence of 5 to 7 years. He filed a motion to the effect that the 5 year minimum exceeded the statutory minimum established by section 83-1,105, R. S. Supp., 1972. The trial court sustained defendant's motion, and imposed a new sentence of 6 years. Defendant perfected this appeal, setting out four assignments of error which may be summarized by his contention that the second sentence is more severe than the first one and therefore violates his constitutional rights. We affirm.

The sentence originally pronounced herein was in excess of the minimum authorized by statute. Section 28-532, R. R. S. 1943, provides a sentence of not more than 10 years nor less than 1 year for burglary, the crime to which defendant pled guilty. The sentence imposed was for 5 to 7 years. However, section 83-1,105, R. S. Supp., 1972, provides in part: "Except where a term of life is required by law, in imposing an indeterminate sentence upon the offender, the court may:

"(1) Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more

than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law; * * *."

The minimum portion of the sentence was void as being in excess of the statutory authority. Defendant was resentenced to 6 years in the Nebraska Penal and Correctional Complex. His contention is that because 6 years is more than the 5 years specified as the minimum in the previous sentence, he has been given a more severe sentence.

We believe defendant misunderstands the legal effect of his sentence. In arguing that the flat sentence of 6 years involved an increase in his sentence, defendant completely overlooks subsection (2) of section 83-1,105, R. S. Supp., 1972, which provides: "(2) Impose a definite term of years, in which event the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law; * * *."

Under this section all sentences except life imprisonment are indeterminate sentences. The new sentence imposed in this case is exactly the same in legal effect as though it had read: "For a period of not more than 6 years nor less than 1 year." Consequently, the resentencing reduced his maximum sentence from 7 to 6 years, and his minimum sentence from 5 years to 1 year.

The judgment is affirmed.

AFFIRMED.

NEWTON, J., concurring.

I concur in the opinion of Spencer, J. The question of the constitutionality of section 83-1,105, R. S. Supp., 1972, as adopted at the Eighty-second Session of the Nebraska Legislature, has not been raised in this case.

Since this statute reduces every felony penalty fixed by other statutes, makes it impossible for a court to fix a flat, as distinguished from an indeterminate sentence, and also effectively prevents the imposition of maxi-

mum sentences as prescribed by other statutes, it would appear to be amendatory of every statute fixing a penalty for the commission of a felony and violative of Article III, section 14, Constitution of Nebraska.