STATE OF NEBRASKA, APPELLEE, V. DONALD L. MCMULLEN, APPELLANT.

240 N. W. 2d 844

Filed April 14, 1976. No. 40375.

Gwyer Grimminger, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and KUNS, Retired District Judge.

WHITE, C. J.

The defendant pled guilty to embezzlement in violation of section 28-538, R. R. S. 1943. After considering the presentence investigation report, the District Court sentenced the defendant to a term of 7 years in the Nebraska Penal and Correctional Complex. The defendant's sole contention on appeal is that the sentence is excessive. We affirm the judgment and sentence of the District Court.

The sentence imposed, although the maximum, was within the statutory limits and will not be disturbed on appeal in the absence of an abuse of discretion. State v. Allen, *ante* p. 560, 239 N. W. 2d 272. We point out that under the terms of section 83-1,105, R. S. Supp., 1974, and our decision in State v. Hedglin, 192 Neb. 545, 222 N. W. 2d 829, the defendant's sentence under the law is an indeterminate sentence of 1 to 7 years. The contention of the defendant, therefore, is narrowed in practical terms to a contention that the maximum term should be less than 7 years. This contention, almost on

its face, would not constitute an abuse of discretion on the part of the trial judge.

It is asserted in substance that the defendant is entitled to probation or a minimum sentence. It may be true that this case is the occasion of the defendant's first prosecution. However, the record reveals that the defendant embezzled $110,000 in a series of continuous offenses, each one of which would have constituted embezzlement, over a period of time for approximately 3½ years. The checks were written in comparatively small amounts, and the defendant himself said that the biggest check he ever wrote was approximately $800. The record shows that he spent about $50 to $100 a day on the horse races, that he spent money by living beyond his means, gambled on football games, and made trips to Las Vegas. This repetitive and continuous felonious conduct, combined with the lack of mitigating circumstances in the disposition of the embezzled funds, clearly demonstrates that the sentence imposed in this case is not an abuse of discretion. The record supports, as in most embezzlement cases, that there is not much danger of the defendant committing a violent crime. But the serious and continuous offenses committed and the conduct of the defendant in the community give weight to a determination that a lesser sentence would depreciate the seriousness of the defendant's crime and promote disrespect for the law. § 29-2260(2)(c), R. S. Supp., 1974. The contention of the defendant is without merit.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.