STATE OF NEBRASKA, APPELLEE, V. DAVID E. BARNETT,
APPELLANT.

284 N. W. 2d 573

Filed October 23, 1979. No. 42631.

Dennis R. Keefe, Lancaster County Public Defender, and Thomas L. Hagel, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant appeals from a sentence to life imprisonment for second degree murder in the death of his wife. The sole issue is whether the sentence was excessive.

The defendant was originally charged with first degree murder. Pursuant to a plea bargain, an amended information was filed and the defendant entered a plea of guilty to second degree murder. After a hearing pursuant to section 29-2027, R. R. S. 1943, the trial court found the defendant guilty of murder in the second degree. The defendant was then committed to the penal complex for evaluation and a presentence report was prepared. Finally, a sentencing hearing was held at which the defendant was sentenced to life imprisonment.

The record shows the defendant shot his wife at about 2:30 a.m., on July 10, 1978, at their apartment in Lincoln, Nebraska. Police investigation indicated the victim had been shot at close range with a .22 caliber rifle while seated in a chair. The autopsy report describes some 22 wounds on the right side of her body. Twelve bullets were recovered from her body.

The defendant is 31 years of age with no prior criminal record. He has a college education and a satisfactory employment record. He has a history of alcoholism and serious emotional instability. The defendant had been drinking at the time the killing occurred and the record indicates the killing was an intentional and deliberate act.

The defendant contends that the sentence should be reduced to a definite term because of his age and education, his social background, and his lack of a prior criminal record. Under the circumstances in this case we do not consider these to be mitigating factors. The trial court found that a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. The trial court further found that the defendant was in need of prolonged correctional treatment. The record fully supports these findings.

The defendant argues that he is an excellent candidate for rehabilitation and reformation. While this may be questionable in view of his past behavior, the State points out that for purposes of parole the sentence imposed is equivalent to an indeterminate sentence with the statutory minimum as the minimum term. See State v. Thompson, 189 Neb. 115, 201 N. W. 2d 204.

We find the sentence to be not excessive. The judgment of the District Court is affirmed.

AFFIRMED.