## State of Nebraska, Appellee, v. Kevin Dean Randall, Appellant.

302 N.W.2d 733

Filed March 6, 1981.  No. 43532.

Willis G. Yoesel for appellant.

Paul L. Douglas, Attorney General, and John Boehm for appellee.

Heard before Krivosha, C.J., Boslaugh, McCown, Clinton, Brodkey, White, and Hastings, JJ.

Krivosha, C.J.

The appellant, Kevin Dean Randall, was charged with the crime of murder in the first degree. Following plea-bargaining negotiations, the State of Nebraska filed an amended information charging Randall with murder in the second degree, to which he entered a plea of guilty. After receiving a presentence investigation and evaluation, the court sentenced Randall to a term of imprisonment in the Nebraska Penal and Correctional Complex for a period of not less than 30 years nor more than his natural life. It is from this sentence which appellant has appealed, maintaining that the trial court erred in imposing an indeterminate sentence of not less than 30 years nor more than life imprisonment, and for the further reason that the trial court abused its discretion by imposing a sentence allegedly in excess of the facts and circumstances of the case.

In view of our decision in the case of *State v. Laravie,* 192 Neb. 625, 223 N.W.2d 435 (1974), we need only consider Randall's first assignment of error. In *Laravie, supra* at 628, 223 N.W.2d at 437, we held that: "Under present statutes, upon conviction for second degree murder, the court is not authorized to pronounce an indeterminate sentence. The court may impose a sentence of a definite term of years, not less than the minimum authorized by law; or, in the alternative, may impose a sentence of life imprisonment." The record clearly reflects that the sentence in this case is in conflict with our holding in *Laravie.* Accordingly, we must therefore reverse the instant matter and remand the case back to the District Court with instructions to impose a sentence in accordance with the standards set out in *State v. Laravie, supra.*

Having thus disposed of the matter on this basis, we need not now consider Randall's second assignment of error.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., concurs in result.

BOSLAUGH, J., dissenting.

In *State v. Laravie,* 192 Neb. 625, 223 N.W.2d 435 (1974), we held that a trial court was not authorized to impose an indeterminate sentence for second degree murder. Upon further consideration of the *Laravie* case, I now believe the decision was in error, and that the judgment in this case should be affirmed.

The decision in the *Laravie* case was based upon our decision in *State v. Suggett,* 189 Neb. 714, 204 N.W.2d 793 (1973), in which we *affirmed a sentence of 20 to 30 years' imprisonment for second degree murder.* The *Suggett* case held that the limitation in Neb. Rev. Stat. § 83-1,105 (Reissue 1976), that the minimum sentence imposed shall not be more than one-third of the maximum term authorized by law, was not applicable to an offense for which a sentence of life imprisonment was authorized because it was impossible to determine

what would be one-third of a sentence to life imprisonment. The opinion concluded that § 83-1,105 "was not legislatively designed to apply in cases of this type."

*The decision in the Suggett case affirmed an indeterminate sentence of 20 to 30 years' imprisonment for second degree murder.* The opinion in the *Laravie* case simply misconstrued the holding in the *Suggett* case.

The *Laravie* case did not abolish indeterminate sentences in second degree murder cases. To the contrary, it resulted in every sentence in a second degree murder case being effective as an indeterminate sentence with the statutory minimum of imprisonment for 10 years as the minimum term. See, *State v. Thompson,* 189 Neb. 115, 201 N.W.2d 204 (1972); *State v. Hedglin,* 192 Neb. 545, 222 N.W.2d 829 (1974). Upon remand and resentencing in this case, whatever sentence may be imposed, the effect will be an indeterminate sentence for 10 years to whatever term may be imposed, including life imprisonment.

The effect of the *Laravie* case was to prevent the trial court from imposing a sentence which would require the defendant to serve more than at least the statutory minimum of imprisonment for 10 years. The decision in the *Laravie* case was in error and should be overruled. The judgment in this case should be affirmed.

CLINTON and HASTINGS, JJ., join in this dissent.