STATE OF NEBRASKA, APPELLEE, V. ALVIE CARLSON, APPELLANT.
418 N.W.2d 561

Filed January 29, 1988. No. 87-458.

504

Frank J. Skorupa, for appellant.

Alvie Carlson, pro se.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and CORRIGAN, D.J.

BRODKEY, J., Retired.

On January 20, 1987, the county attorney of Platte County, Nebraska, filed an amended information against the defendant-appellant herein, Alvie Carlson, charging him in two counts with the commission of two felonies. The charge in count I was attempted first degree sexual assault, in violation of Neb. Rev. Stat. §§ 28-201(1)(b) and 28-319(1)(a) (Reissue 1985); and in count II the defendant was charged with burglary, under Neb. Rev. Stat. § 28-507 (Reissue 1985). On that same date the defendant, after a full and exhaustive explanation of his rights, pled guilty to both of the above charges, both of which are Class III felonies carrying authorized sentences of imprisonment of a maximum of 20 years and a minimum of 1 year.

Defendant was sentenced on both charges on April 20, 1987, and we set out below the exact language of the court, so far as pertinent, in imposing the sentences:

The overriding consideration that I have in this matter is that you stand before me, this is the third time — you've been twice before in the Penal Complex — this is the third time before the Court, or maybe more. I'm trying to recall from the presentence, but at least I can recall two sentencings. I can also recall a case where you were acquitted.

. . . .

On Count I, the attempted first degree sexual assault, I sentence you to a minimum of six and two-thirds, maximum twenty years in the Nebraska Penal and

Correctional Complex. As to the burglary charge, Count II, inasmuch as you have pled guilty and admitted your guilt in this matter, I am going to sentence you to a term of four years maximum — four years minimum, twelve years maximum. Both of these counts are to be served concurrently. Or consecutively. Excuse me, consecutively.

In his brief on appeal to this court, counsel for defendant makes three assignments of error: (1) The district court's attempt to impose a different maximum sentence after pronouncing a sentence was error; (2) the district court's attempt to impose a consecutive sentence after pronouncing that the sentence was to be served concurrently to the first sentence was error; and (3) the sentences imposed by the district court were excessive and an abuse of discretion.

It is to be noted from the language of the judge in sentencing the defendant that the judge corrected his inadvertent statement almost immediately, at least milliseconds after the words came from his mouth, and practically in the middle of a sentence. We believe it is clear, under the facts of this case, that the judge did not intend to change a sentence or had not finished pronouncing a sentence. In support of his allegations, counsel for defendant relies upon the case of *State v. Cousins*, 208 Neb. 245, 302 N.W.2d 731 (1981). The *Cousins* case is the only case in support of this proposition cited by defendant, and we have been unable to discover any other Nebraska cases even remotely similar to the facts of the case at bar.

In *Cousins*, the court had pronounced sentence and the appellant had left the courtroom. Approximately 6 minutes later, the judge called the appellant back into the courtroom. The court then advised the appellant that it had misspoken and intended to sentence appellant to consecutive and not concurrent sentences as was earlier pronounced by the court. This court held that the trial court's attempt to correct the sentence was ineffective.

In making the determination in *Cousins*, this court referred to the case of *State v. Snider*, 197 Neb. 317, 248 N.W.2d 342 (1977). The facts as stated in *Snider, supra*, were that "[i]mmediately after the court imposed the sentence the defendant left the courtroom and slammed the door behind

him 'almost breaking the glass.' The sentencing judge then immediately ordered the defendant brought back into the courtroom, informed him that he was a 'most unruly prisoner,' and resentenced him . . . ." 197 Neb. at 319, 248 N.W.2d at 343. This court held that the attempted change of sentence was a nullity.

In the case at issue here, the time which elapsed between the judge's words in sentencing was practically nonexistent. The "change" in the sentence is an obvious correction of a misstatement on the part of the judge. It is all part of one sentence, and not a case of imposition of a subsequent sentence. The fact that the judge in this case corrected himself immediately should be indicative of the fact that it was part of the sentence and not the imposition of a subsequent sentence. It is true that *Cousins* does enunciate the rule that a sentence validly imposed takes effect from the time it is pronounced. The question then presents itself as to what constitutes the pronouncement of a sentence, and when does a sentence take effect. Admittedly, in cases such as *Cousins, supra*, and *Snider, supra*, as well as *State v. Brewer*, 190 Neb. 667, 212 N.W.2d 90 (1973), where a period of minutes or days elapsed between the pronouncement of sentences, some ambiguity might exist. In reviewing the record an appellate court might well discover disparate sentences in separate parts of a bill of exceptions. However, the record in this case is neither piecemeal nor confusing.

In his oral argument to this court, counsel for defendant inquired of the court as to what the correct rule should be so far as time in which a judge who misspeaks can correct himself in sentencing a defendant. He asks: Should it be a sentence, a paragraph, a day, a week, a month, or longer? We concede the difficulty in setting a hard-and-fast rule on this question, as each case must depend upon its particular facts. We do not intend to lay down such a rule in this case, but only hold that under the facts of this particular case it should be clear to any reasonable person that the judge, in correcting his language, did not intend to enhance or increase the sentence in any manner.

Neb. Rev. Stat. § 83-1,105 (Reissue 1981), the indeterminate sentencing act, provides, among other things:

Except where a term of life is required by law, in imposing an indeterminate sentence upon the offender, the court may:

(1) Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not·be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law.

The sentences on the respective counts in this case clearly comply with the above provisions of the statute, and, unless the sentences imposed were excessive or constituted an abuse of discretion as claimed by the defendant, they should be affirmed.

We now examine defendant's claim that such sentences were excessive and an abuse of discretion. Defendant, in his brief, argues that the sentences in this case were excessive because they are more harsh than certain other sentences in cases cited by him in his brief. Both of the charges against the defendant involved in this case are Class III felonies. In such cases the sentence is left to the sound discretion of the trial court, and there is no requirement that the court compare the defendant's case with all other similarly charged Class III felonies prior to imposing sentence. However, the court may take into consideration a variety of factors in determining the type of punishment and sentence to be given to the guilty defendant. In this case it is clear that the court did so consider such evidence, and the probation report received in evidence during the hearing in this case is very enlightening as to the defendant's activities and character, none of which are impressive. Defendant has a long history of illegal activity, dating back to the age of 16. On three prior occasions the defendant had been convicted of assault, and his work record for the last 6 years is, at best, sporadic, and in some cases unconfirmed. The trial court is in the best position to judge the facts, as well as the demeanor of the defendant, in each particular case.

In pronouncing sentence, the court stated:

There are a number of factors the Court has to consider when dealing with a sentencing of an individual on any

criminal offense. One of those is punishment, another one is a chance for rehabilitation of the defendant, factors as to the effect on society a certain sentence would have . . . .
The court dismissed deterrence as one of the factors it was considering in pronouncing sentence, and stated:

We have the effect of the punishment, the effect on society, and the effect upon you.

The overriding consideration that I have in this matter is that you stand before me, this is the third time — you've been twice before in the Penal Complex — this is the third time before the Court, or maybe more.

The mere fact that defendant's sentences differ from those which may have been issued from other courts in other instances does not make the imposition of defendant's sentences in this case an abuse of the court's discretion.

In his brief on appeal to this court at 4, counsel for defendant states: "The abuse of discretion is evident in the fact that the judge imposed the absolute maximum sentence that could be handed down by setting the minimum sentence at one-third of the maximum sentence allowed under a Class III Felony." In this connection we call attention to the case of State v. McMullen, 195 Neb. 796, 240 N.W.2d 844 (1976), in which case the defendant pled guilty to embezzlement, and after considering the presentence investigation report, the district court sentenced the defendant to a term of 7 years in the Nebraska Penal and Correctional Complex. The defendant's sole contention on appeal was that the sentence was excessive. This court affirmed the judgment and sentence of the district court, saying at 796, 240 N.W.2d at 845: "The sentence imposed, *although the maximum*, was within the statutory limits and will not be disturbed on appeal in the absence of an abuse of discretion. State v. Allen, *ante* p. 560, 239 N.W.2d 272." (Emphasis supplied.) The court continued, stating, "We point out that under the terms of section 83-1,105, R. S. Supp., 1974, and our decision in State v. Hedglin, 192 Neb. 545, 222 N.W.2d 829, the defendant's sentence under the law is an indeterminate sentence of 1 to 7 years." 195 Neb. at 796, 240 N.W.2d at 845.

It is clear that in the instant case, as well as in other

indeterminate sentence cases, it does not follow that the convicted defendant will have to serve the maximum possible sentence. There is always the opportunity that he will be discharged earlier, depending upon his conduct. In its opinion in *McMullen*, the court points out that the defendant had committed many other continuous embezzlements, although for small amounts, and that he spent $50 to $100 per day on the horseraces, spent money by living beyond his means, gambled on football games, and made trips to Las Vegas. The court stated:

> This repetitive and continuous felonious conduct, combined with the lack of mitigating circumstances in the disposition of the embezzled funds, clearly demonstrates that the sentence imposed in this case is not an abuse of discretion. The record supports, as in most embezzlement cases, that there is not much danger of the defendant committing a violent crime. But the serious and continuous offenses committed and the conduct of the defendant in the community give weight to a determination that a lesser sentence would depreciate the seriousness of the defendant's crime and promote disrespect for the law.

195 Neb. at 797, 240 N.W.2d at 845.

In the instant case the probation officer's report and the evidence adduced at the hearing in which the defendant pleaded guilty, including pictures of the injuries done to the victim, clearly, in our opinion, justify the sentences imposed.

After the filing of the appellee's brief in this court on August 6, 1987, the defendant, Alvie Carlson, acting pro se and not through an attorney, filed an additional brief on August 31, 1987, entitled "Amended [sic] To Brief Of Appellant." In the brief he does not further argue any of the points discussed in the appellant's and appellee's briefs filed herein but, on the contrary, requests certain action or relief which is inappropriate for consideration in this direct appeal to the Supreme Court, and we will not discuss it further.

In view of what we have stated above, we conclude that the sentences of the district court were correct in all respects and should be sustained.

AFFIRMED.