STATE OF NEBRASKA, APPELLEE, V.
MARK A. SCHNABEL, APPELLANT.
618 N.W.2d 699

Filed October 27, 2000. No. S-99-1426.

Charles O. Forrest, of Dwyer, Smith, Gardner, Lazer, Pohren, Rogers & Forrest, and John J. Kohl, of Raynor, Rensch & Pfeiffer, for appellant.

Don Stenberg, Attorney General, and Scott G. Gunem for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Pursuant to a plea agreement, Mark A. Schnabel entered a plea of no contest to a charge of murder in the second degree. Schnabel was convicted and sentenced to life imprisonment. Schnabel now appeals from the district court's order of commitment to the Department of Correctional Services, claiming that the terms of the order of commitment are inconsistent with the sentence imposed.

## PROCEDURAL BACKGROUND

Schnabel was initially charged by information with the first degree murder of his wife, Sandra Schnabel. The murder took place on or about May 21, 1999. On October 13, pursuant to a plea agreement, the State filed an amended information charging Schnabel with murder in the second degree. Schnabel entered a plea of no contest to the charge, and the district court found Schnabel guilty of murder in the second degree.

The matter came on for sentencing on November 30, 1999. The district court sentenced Schnabel as follows:

The court having found the defendant guilty of one count of murder in the second degree and being fully advised in the premises, finds that the defendant should be and hereby is sentenced to a term of life imprisonment.

The defendant is not entitled to nor is he given credit for any time served in custodial detention awaiting trial and sentence.

It is, therefore, the judgment, order, and sentence of this court that the Defendant Mark Schnabel be committed to a facility under the jurisdiction of the Department of Corrections to serve a term of life imprisonment for the murder of Sandra Schnabel.

On the same date, the district court entered a journal entry, which also stated that "the Defendant should be, and is, sentenced to life imprisonment on the charge of Murder in the Second Degree" and that "IT IS THEREFORE THE JUDGMENT, ORDER AND SENTENCE OF THE COURT, that the defendant, Mark Schnabel, be committed to a facility under the jurisdiction of the Department of Correctional Services to serve a term of life imprisonment."

On December 1, 1999, the district court entered an order of commitment to the Department of Correctional Services, stating:

The Defendant, having been convicted of the crime of Murder in the Second Degree, in violation of Neb. Rev. Stat. §28-304, and having been given his rights of allocution in a sentencing hearing held on November 30, 1999, now stands committed to a facility under the jurisdiction of the Department of Correction [sic] Services to serve the following sentence:

Minimum Sentence: Life Imprisonment;
Maximum Sentence: Life Imprisonment;
Credit for time served: None.
Schnabel timely appealed on December 15.

## ASSIGNMENT OF ERROR

Schnabel assigns, restated, that the district court erred in entering the December 1, 1999, order of commitment to the Department of Correctional Services containing sentencing terms inconsistent with the sentence imposed on November 30.

## STANDARD OF REVIEW

■ This appeal presents a question of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. Hansen*, 259 Neb. 764, 612 N.W.2d 477 (2000).

## ANALYSIS

In order to determine whether the order of commitment is inconsistent with the sentence initially imposed, we must first determine the effect of the November 30, 1999, sentence. Neb. Rev. Stat. § 29-2204(1) (Cum. Supp. 1998) provides, in relevant part:

> [I]n imposing an indeterminate sentence upon an offender the court shall:
>
> . . . .
>
> (A) Fix the minimum and maximum limits of the sentence to be served within the limits provided by law for any class of felony other than a Class IV felony, except that when a maximum limit of life is imposed by the court for a Class IB felony, the minimum limit may be any term of years not less than the statutory mandatory minimum. . . . ; or
>
> (B) Impose a definite term of years, in which event the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law.

Accord Neb. Rev. Stat. § 83-1,105.01(1) and (2) (Reissue 1999).

Murder in the second degree is a Class IB felony. Neb. Rev. Stat. § 28-304 (Reissue 1995). For a Class IB felony, the maximum sentence is life imprisonment and the minimum sentence is 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 1998).

■ The sentence imposed by the district court on November 30, 1999, was clearly a flat sentence of life imprisonment, as no minimum sentence was stated. Since no minimum limit to the sentence was set forth pursuant to § 29-2204(1)(a)(ii)(A), the sentence was subject to the terms of § 29-2204(1)(a)(ii)(B). When a flat sentence of "life imprisonment" is imposed and no minimum sentence is stated, by operation of law, the minimum sentence is the minimum imposed by law under the statute. See *State v. Gray*, 259 Neb. 897, 612 N.W.2d 507 (2000). See, also, *State v. Barnett*, 204 Neb. 655, 284 N.W.2d 573 (1979); *State v. Blankenship*, 195 Neb. 329, 237 N.W.2d 868 (1976); *State v. Thompson*, 189 Neb. 115, 201 N.W.2d 204 (1972).

The State asserted, at oral argument, that *State v. Gray, supra*, was wrongly decided and should be overruled. The State's argument, as we understand it, is that § 29-2204(1)(a)(ii)(A), as amended in 1998, contains an "exception" for murder in the second degree. The language relied upon by the State, however, simply provides that the sentencing court "may" impose a minimum limit of a term of years not less than the statutory mandatory minimum. See *id.* This language does not address our long-settled holdings that the imposition of an indeterminate sentence, even where the maximum limit is life imprisonment, requires that the minimum term be affirmatively stated. See *State v. Thompson, supra.*

■ The Legislature is presumed to be aware of existing Supreme Court precedent, including the law surrounding determinate sentences, when passing new legislation. See, *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999); *White v. State*, 248 Neb. 977, 540 N.W.2d 354 (1995). When legislation is enacted which makes related preexisting law applicable thereto, it is presumed that the Legislature acted with full knowledge of the preexisting law and judicial decisions of the Supreme Court construing and applying it. *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999). In construing § 29-2204(1)(a)(ii)(A), we

presume that the Legislature was aware of our holdings in *State v. Thompson, supra,* and successive cases, and the language of the statute, even as amended, does not affect our settled precedent. We conclude that *State v. Gray, supra,* was properly decided based on longstanding principles, and we decline the State's invitation to overrule *Gray.*

Accordingly, while § 29-2204 does not require that a minimum term be different from a maximum term, it does require that a minimum term be affirmatively stated if it is to be imposed, and if a minimum term is not set forth, an indeterminate sentence will be imposed by operation of law. See *Johnson v. Clarke,* 258 Neb. 316, 603 N.W.2d 373 (1999). Thus, pursuant to § 29-2204(1)(a)(ii)(B), the district court's November 30, 1999, sentencing order effectively imposed a maximum term of life imprisonment and a minimum term (for parole eligibility purposes), as defined by §§ 28-105 and 28-304, of 20 years' imprisonment. The order of commitment entered on December 1, however, states that the minimum term of Schnabel's sentence is life imprisonment.

 A sentence validly imposed takes effect from the time it is pronounced. *State v. Carlson,* 227 Neb. 503, 418 N.W.2d 561 (1988); *State v. Cousins,* 208 Neb. 245, 302 N.W.2d 731 (1981). When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed. *State v. Lotter,* 255 Neb. 456, 586 N.W.2d 591 (1998), *modified* 255 Neb. 889, 587 N.W.2d 673 (1999), *cert. denied* 526 U.S. 1162, 119 S. Ct. 2056, 144 L. Ed. 2d 222; *State v. Brewer,* 190 Neb. 667, 212 N.W.2d 90 (1973). Any attempt to do so is of no effect, and the original sentence remains in force. *Id.* The circumstances under which a judge may correct an inadvertent mispronouncement of a sentence are limited to those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court. *State v. Foster,* 239 Neb. 598, 476 N.W.2d 923 (1991).

The district court's November 30, 1999, order was a validly imposed sentence, the terms of which are a maximum of life imprisonment and a minimum (for parole eligibility purposes) of 20 years' imprisonment. Even if that sentence was pronounced inadvertently, the order of commitment setting forth different terms was not issued until well after Schnabel had left the courtroom and a written notation had been made in the records of the court. Compare *State v. Foster, supra*. Under such circumstances, the district court erred in entering an order of commitment containing terms of Schnabel's sentence that were inconsistent with the terms of the November 30 sentencing order. Schnabel's assignment of error has merit, and the district court's order of commitment must be vacated.

## CONCLUSION

The district court erred by entering its December 1, 1999, order of commitment to the Department of Correctional Services, as the sentencing terms set forth in that order were inconsistent with the November 30 sentence imposed by the district court. The district court's December 1 order of commitment is vacated, and the cause is remanded to the district court with directions to enter an order of commitment that is consistent with this opinion.

ORDER VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.

HENDRY, C.J., not participating.