STATE OF NEBRASKA, APPELLEE, V.
KENNY WAYNE GASS, APPELLANT.

697 N.W.2d 245

Filed May 20, 2005.   No. S-04-1105.

Dennis R. Keefe, Lancaster County Public Defender, Andrea D. Snowden, and Sarah P. Newell, Senior Certified Law Student, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Kenny Wayne Gass pled no contest to second degree murder in the district court for Lancaster County. On September 1, 2004, the court entered an order sentencing Gass to imprisonment "for a period of life." Later that day and contrary to the sentence initially imposed, the court entered an order nunc pro tunc stating that the sentence was "for a period of not less than nor more than life." The next day, the court filed an amended order of commitment reflecting the language of the order nunc pro tunc. Gass appeals, claiming that the terms of the amended order of commitment are inconsistent with the sentence imposed. Gass' argument has merit. Accordingly, we vacate the amended order of commitment and remand the cause with directions.

## STATEMENT OF FACTS

On November 26, 2003, the State filed an information charging Gass with first degree murder and use of a weapon to commit a felony in connection with the September 2003 death of James R. Hagan. Pursuant to a plea agreement, on July 6, 2004, Gass pled no contest to the reduced charge of second degree murder, and the use of a weapon charge was dropped. The court accepted Gass' plea and found him guilty.

A sentencing hearing was held on September 1, 2004. The hearing began at 1:36 p.m. The court stated the facts of the case and the various factors considered in sentencing. The court concluded its remarks by stating on the record:

It is therefore the judgment and the sentence of the Court that you, Kenny W. Gass, be and hereby are ordered committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services *for a period of life*, no part of which shall be in solitary confinement except for violation of prison rules. You shall pay the costs of this action.

You should be and hereby are remanded to the custody of the Nebraska Department of Correctional Services for execution of sentence, a commitment is to issue accordingly.

This sentence is to be served consecutive to any other sentence imposed against you.

(Emphasis supplied.) The court then stated that the matter was concluded and adjourned the hearing at 2:02 p.m.

An order of sentence was filed at 2:31 p.m. on September 1, 2004, which stated in part:

IT IS, THEREFORE, the judgment and sentence of the court, that the defendant Kenny Wayne Gass be, and hereby is, ordered committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services *for a period of life*, no part of which shall be in solitary confinement, except for violation of prison rules. The defendant shall pay the costs of this prosecution.

(Emphasis supplied.) There is no dispute that a commitment order providing for the sentence as recited above was issued.

Thereafter, at 3:48 p.m. on September 1, 2004, Gass, Gass' attorney, and the State's attorney appeared, and the court went back on the record. The court stated that "there appeared to have been some confusion" regarding the sentence pronounced. The court further acknowledged that an issue existed under *State v. Schnabel*, 260 Neb. 618, 618 N.W.2d 699 (2000). The court stated its intent had been that Gass "be sentenced for a period of not less than nor more than life." The court also stated for the record that "I had signed an order of sentence that had on it life, that the Lancaster County Clerk's Office had issued a commitment, that . . . Gass had left the courtroom." The court continued that notwithstanding these facts, "I'm sure from reading the record and from the fact that I did not give him any credit for time served that the intent was to be life to life." The court stated that it would issue an order nunc pro tunc and direct that an

order of commitment consistent with the order nunc pro tunc be issued.

Gass' attorney objected to the proceeding. Gass' attorney offered that it was not clear to him what the minimum sentence was at the time of the sentencing and asked that Gass receive credit for the time in custody. The court stated that it would not give Gass credit for time in custody because it intended to give him a life to life sentence. Court was adjourned at 3:52 p.m.

At 3:54 p.m., on September 1, 2004, an order of sentence nunc pro tunc was entered stating in part:

> IT IS, THEREFORE, the judgment and sentence of the court, that the defendant Kenny Wayne Gass be, and hereby is, ordered committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services *for a period of not less than nor more than life*, no part of which shall be in solitary confinement, except for violation of prison rules.
>
> The defendant shall pay the costs of this prosecution.

(Emphasis supplied.)

The next day, September 2, 2004, at 2:54 p.m., an "Amended Commitment" providing that Gass was ordered committed "for a period of not less than, nor more than Life" was filed. Gass appeals.

## ASSIGNMENT OF ERROR

Gass asserts that the district court erred in entering the "amended commitment" order because such order contained sentencing terms inconsistent with the original order of sentence.

## STANDARD OF REVIEW

■ This appeal presents questions of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Jonusas, ante* p. 644, 694 N.W.2d 651 (2005).

## ANALYSIS

Gass argues that based on the precedent of *Schnabel, supra*, the amended order of commitment entered by the district court was in error because it contained sentencing terms inconsistent with the original order of sentence that was pronounced in court, reduced to a written order, and reflected in the original order of

commitment. In response, the State urges this court to reconsider our holding in *Schnabel* and affirm the order nunc pro tunc regarding sentencing and to approve the amended order of commitment. We agree with Gass that *Schnabel* controls the outcome of this case, and we decline the State's suggestion to reconsider our holding in that case. We conclude that the amended order of commitment must be vacated.

At the sentencing hearing, the court sentenced Gass to imprisonment "for a period of life." No minimum term was affirmatively stated. The imposition of an indeterminate sentence, even where the maximum term is life imprisonment, requires that the minimum term be affirmatively stated. *State v. Schnabel*, 260 Neb. 618, 618 N.W.2d 699 (2000). When a flat sentence of "life imprisonment" is imposed and no minimum sentence is stated, by operation of law, the minimum sentence is the minimum imposed by law under the statute. *Id.*

Gass was convicted of second degree murder, which is a Class IB felony. Neb. Rev. Stat. § 28-304(2) (Reissue 1995). Under Neb. Rev. Stat. § 28-105 (Cum. Supp. 2004), the minimum penalty for a Class IB felony is 20 years' imprisonment. Therefore, the court's pronouncement in this case of a flat sentence of imprisonment "for a period of life" effectively imposed a maximum term of life imprisonment and by operation of law a minimum term (for parole eligibility purposes) of 20 years' imprisonment. See *Schnabel, supra*. The amended order of commitment states that the minimum term of Gass' sentence is life imprisonment, and in regard to the minimum term, the amended order of commitment is inconsistent with the sentence actually imposed by the court.

The court in this case attempted to rectify what it described as "some confusion" regarding Gass' sentence by calling the parties back into court and entering an order nunc pro tunc which stated that Gass' sentence of imprisonment was "for a period of not less than nor more than life." However, as a matter of law, the court's efforts were ineffective in changing the previously imposed sentence. *Schnabel, supra.*

In *Schnabel*, we stated:

A sentence validly imposed takes effect from the time it is pronounced. *State v. Carlson*, 227 Neb. 503, 418 N.W.2d

561 (1988); *State v. Cousins*, 208 Neb. 245, 302 N.W.2d 731 (1981). When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed. *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998), *modified* 255 Neb. 889, 587 N.W.2d 673 (1999), *cert. denied* 526 U.S. 1162, 119 S. Ct. 2056, 144 L. Ed. 2d 222; *State v. Brewer*, 190 Neb. 667, 212 N.W.2d 90 (1973). Any attempt to do so is of no effect, and the original sentence remains in force. *Id.* The circumstances under which a judge may correct an inadvertent mispronouncement of a sentence are limited to those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court. *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991).

260 Neb. at 623, 618 N.W.2d at 703.

In the hearing that started at 3:48 p.m. on September 1, 2004, the district court acknowledged that after it had previously pronounced a sentence of imprisonment "for a period of life," it "had signed an order of sentence that had on it life, that the Lancaster County Clerk's Office had issued a commitment, [and] that . . . Gass had left the courtroom." The court stated that contrary to the original sentence pronounced, its intent had been a sentence of "life to life."

The circumstances under which a judge may correct an inadvertent mispronouncement of sentence are limited, and the circumstances of this case do not fall within the category which permits correction. As the court stated when the parties appeared later on September 1, 2004, the defendant had left the courtroom and a written notation of the original sentence had been made in the records of the court. Therefore, the court's statement that Gass' sentence ought to be "for a period of not less than nor more than life" and the corresponding order nunc pro tunc were inconsistent with the terms of the original sentence and were not effective to change the sentence already imposed. The amended

commitment order, which reflects the language of the order nunc pro tunc, does not reflect the sentence actually imposed, and the amended commitment order must be vacated.

■ Finally, we note that both the State and Gass ask in their briefs that if the amended commitment is vacated, then the cause be remanded with directions to the district court to apply a credit for time served. Pursuant to Neb. Rev. Stat. § 83-1,106(1) (Reissue 1999), a court must give credit for time served on a charge when a prison sentence is imposed for that charge. See *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004). In this case, the sentence originally pronounced is the sentence imposed in this case. Because the sentence in this case is 20 years to life, pursuant to § 83-1,106(1), credit is to be given. We therefore direct the district court on remand to apply the appropriate credit for time served.

## CONCLUSION

We conclude that the district court erred by entering the amended order of commitment because the sentencing terms set forth in that order were inconsistent with the sentence actually imposed by the court. The amended order of commitment is vacated, and the cause is remanded to the district court with directions to enter an order of commitment that is consistent with this opinion. The district court is further directed to apply an appropriate credit for time served.

ORDER VACATED, AND CAUSE REMANDED
WITH DIRECTIONS.