State of Nebraska, appellee, v.
Shelley L. Casterline, appellant.
___ N.W.2d ___

Filed May 22, 2015.    No. S-14-911.

1. **Judgments: Appeal and Error.** When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
3. **Statutes: Judicial Construction: Legislature: Presumptions: Intent.** When an appellate court judicially construes a statute and that construction fails to evoke an amendment, it is presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.

Appeal from the District Court for Webster County: Stephen R. Illingworth, Judge. Affirmed.

James R. Mowbray and Jeffery A. Pickens, of Nebraska Commission on Public Advocacy, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION
The defendant, Shelley L. Casterline, pled guilty to second degree murder and was sentenced to a term of life-to-life imprisonment. Casterline appeals. We affirm.

## FACTUAL BACKGROUND
On November 14, 2013, Casterline was charged with first degree murder, use of a weapon to commit a felony, and burglary in connection with the death of Virginia Barone. Pursuant to a plea bargain, on April 22, 2014, Casterline pled guilty to second degree murder, a Class IB felony. On September 30, Casterline was sentenced to "not less than life and not more than life imprisonment," with credit for 353 days' time served.

## ASSIGNMENT OF ERROR

On appeal, Casterline assigns, restated and consolidated, that the district court erred in sentencing her to a term of life-to-life imprisonment.

## STANDARD OF REVIEW

[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[1]

[2] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[2]

## ANALYSIS

Casterline's argument on appeal is that the district court erred in sentencing her to a life-to-life term of imprisonment. Casterline advances two primary arguments in support of this: (1) that Neb. Rev. Stat § 29-2204 (Cum. Supp. 2014) requires a minimum limit of "any term of years" and that a term of life imprisonment does not qualify and (2) that her sentence violates Neb. Rev. Stat. §§ 28-105 (Cum. Supp. 2014), 28-304(2) (Reissue 2008), and § 29-2204.

Section 29-2204 provides in relevant part:

(1) Except when a term of life imprisonment is required by law, in imposing an indeterminate sentence upon an offender the court shall:

. . . .

[(a)](ii) Beginning July 1, 1998:

(A) Fix the minimum and maximum limits of the sentence to be served within the limits provided by law for any class of felony other than a Class IV felony, except that when a maximum limit of life is imposed by the court for a Class IB felony, the minimum limit may be any term of years not less than the statutory mandatory minimum. If the criminal offense is a Class IV felony, the court shall fix the minimum and maximum limits of the

---

[1] *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

[2] *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013).

sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term and the maximum limit shall not be greater than the maximum provided by law; or

(B) Impose a definite term of years, in which event the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law;

(b) Advise the offender on the record the time the offender will serve on his or her minimum term before attaining parole eligibility assuming that no good time for which the offender will be eligible is lost; and

(c) Advise the offender on the record the time the offender will serve on his or her maximum term before attaining mandatory release assuming that no good time for which the offender will be eligible is lost.

If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility or between the statement of the maximum limit of the sentence and the statement of mandatory release, the statements of the minimum limit and the maximum limit shall control the calculation of the offender's term. If the court imposes more than one sentence upon an offender or imposes a sentence upon an offender who is at that time serving another sentence, the court shall state whether the sentences are to be concurrent or consecutive.

Section 28-304(2) classifies the crime of second degree murder as a Class IB felony. And § 28-105 sets forth the minimum and maximum sentences for all classes of felonies, including a Class IB felony. A Class IB felony is subject to imprisonment for 20 years to life.[3]

We have addressed, and rejected, on several occasions Casterline's general contention regarding the permissibility of life-to-life sentences for second degree murder. In *State v.*

---

[3] § 28-105(1).

*Marrs*,[4] we held that "[a]lthough § 29-2204(1)(a)(ii) permits a sentencing judge imposing a maximum term of life imprisonment for a Class IB felony to impose a minimum term of years not less than the statutory mandatory minimum, it does not require the judge to do so." We accordingly held that a life-to-life sentence was permissible.[5] We affirmed this holding in *State v. Moore*[6] and *State v. Abdulkadir*.[7]

[3] In fact, Casterline acknowledges that this is the current state of the law, and instead seeks to have these cases overturned. Casterline argues that this line of cases is based upon our decision in *State v. Schnabel*[8] and its incorrect interpretation of § 29-2204. Casterline also argues both that the Legislature made a mistake when it amended § 29-2204 and that this court need not be bound by the doctrine of legislative acquiescence, because it is a fiction. That doctrine generally holds that "when an appellate court judicially construes a statute and that construction fails to evoke an amendment, it is presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent."[9]

In *Schnabel*, we held that "[w]hen a flat sentence of 'life imprisonment' is imposed and no minimum sentence is stated, by operation of law, the minimum sentence is the minimum imposed by law under the statute."[10] But Casterline argues that the statute we relied upon in *Schnabel*, § 29-2204(1)(a)(ii)(B), applies only where a court imposes a sentence of a "definite term of years" and that life imprisonment, while a flat sentence, is not a term of years. Rather, Casterline contends, we should have relied upon § 29-2204(a)(ii)(A), found the

---

[4] *State v. Marrs*, 272 Neb. 573, 578, 723 N.W.2d 499, 504 (2006).

[5] *Id*.

[6] *State v. Moore*, 277 Neb. 111, 759 N.W.2d 698 (2009).

[7] *State v. Abdulkadir*, 286 Neb. 417, 837 N.W.2d 510 (2013).

[8] *State v. Schnabel*, 260 Neb. 618, 618 N.W.2d 699 (2000).

[9] *Wetovick v. County of Nance*, 279 Neb. 773, 790-91, 782 N.W.2d 298, 313 (2010).

[10] *Schnabel*, *supra* note 8, 260 Neb. at 622, 618 N.W.2d at 702.

defendant's sentence in *Schnabel* lacking, and remanded the cause for resentencing.

We decline to overrule our decision in *Schnabel*. Casterline's ultimate contention is based upon the conclusion that a term of life imprisonment is not a term of years. But we effectively found that it was in *Marrs*, *Moore*, and *Abdulkadir*, and we will not now revisit this conclusion.

Even assuming that a life sentence is not a term of years, Casterline's conclusion would lead to a strained reading of § 29-2204(1)(a)(ii)(B); where a flat term of years was given, that subsection would require that the statutory minimum was the minimum term of the sentence. But where a flat term of life imprisonment was given, that sentence would be invalid and require resentencing. This would be the result, despite the fact that life imprisonment is a permissible sentence for a Class IB felony.[11]

We reject Casterline's arguments that the Legislature made a mistake in amending § 29-2004. And it is not the place of this court to rewrite legislation, if indeed any mistakes were made with respect to § 29-2204. Nor will we ignore the doctrine of legislative acquiescence, as counsel urges us to do. Counsel indicated at oral arguments that mistakes were made in the 1993 amendments to § 29-2204; but that section has been amended seven times since 1993. Since this court decided *Schnabel* in 2000, the Legislature has amended § 29-2004 three times. This suggests that the Legislature has had ample opportunity to fix any "mistakes" that may have been made and, further, that the Legislature has had time to correct any misinterpretation of § 29-2204 made by this court.

We also reject Casterline's assertion that her life-to-life sentence was impermissible as a violation of §§ 28-105 and 28-304. Section 28-304 classifies second degree murder as a Class IB felony, while first degree murder is either a Class I or a Class IA felony. And § 28-105 states that the sentence for a Class I felony is death, a Class IA felony is life imprisonment, and a Class IB felony is a minimum of 20 years'

---

[11] See § 28-105(1).

imprisonment and a maximum sentence of life imprisonment. Casterline's argument is that she was convicted of a Class IB felony, but that her life-to-life sentence is an effective life sentence without parole and thus punishes her for a Class IA felony.

In *Moore*, we rejected the defendant's argument that § 28-105 prevented a life-to-life sentence for a Class IB felony. But Casterline additionally relies on *State v. Castaneda*[12] for the proposition that a life-to-life sentence in Nebraska is effectively a sentence of life imprisonment without parole.

This is not what we held in *Castaneda*. Our decision in *Castaneda* was premised on the question of whether our sentencing schemes provided the "meaningful" opportunity for parole within the meaning of *Miller v. Alabama*.[13] *Miller* dealt with the propriety of sentencing a juvenile offender to life imprisonment. We did not hold that a life-to-life sentence was equivalent to a sentence of life without parole, but instead we held, in part, that a life-to-life sentence did not provide juveniles a *meaningful opportunity* for parole for purposes of *Miller*.

Our case law clearly holds that a life-to-life sentence is permissible. That case law supports the conclusion that contrary to Casterline's arguments on appeal, a term of life imprisonment is a term of years within the meaning of the statute. There is no merit to Casterline's assignment of error on appeal.

## CONCLUSION

The sentence of the district court is affirmed.

AFFIRMED.

---

[12] *State v. Castaneda*, 287 Neb. 289, 842 N.W.2d 740 (2014).

[13] *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).