## STATE OF NEBRASKA, APPELLEE, V. DONALD F. MOORE, APPELLANT.

306 N.W.2d 183

Filed May 29, 1981. No. 43699.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant, Donald F. Moore, appeals from a

sentence of life imprisonment for second degree murder. The defendant was originally charged with murder in the first degree in the robbery and shooting of Omaha cab driver Reuel Eugene Van Ness, Jr. Later he agreed to plead guilty to an amended information charging second degree murder. The defendant, in this appeal, contends that the sentence imposed was excessive.

Although the sentence to life imprisonment was the maximum sentence authorized for the offense, under our decisions it is an indeterminate sentence of 10 years to life. See, *State v. Randall*, 208 Neb. 248, 302 N.W.2d 733 (1981); *State v. Thompson*, 189 Neb. 115, 201 N.W.2d 204 (1972).

Prior to the acceptance of the defendant's guilty plea, the trial court examined the defendant to determine the extent and nature of his involvement in the offense. The defendant stated that, on the evening of August 22, 1979, he and his 21-year-old brother, Carey Dean Moore, planned to rob a cab driver. The two had gone to a movie earlier in the evening and then proceeded to the Smoke Pit restaurant where Carey called a cab. Carey and the defendant had something to eat while waiting for the cab.

When the cab arrived, Carey indicated to the defendant that it was the cab they would rob. The defendant said that one of the reasons they chose that particular driver was because he was old and less likely to chase them.

The defendant knew that his brother was carrying a loaded .32-caliber automatic pistol and had considered that there might be some shooting. During questioning by the court, the defendant stated: "Mr. Moore: I took in consideration that there might be some shooting. The Court: And why? Was that something Dean said or just the fact you had a gun? Mr. Moore: Yes. . . . The Court: But you knew you were going to rob him or at least try to? Mr. Moore: Right. The Court: And you knew there

was a possibility of him being killed or shot? Mr. Moore: Yes."

The brothers instructed the driver to take them to Dam Site No. 16 outside of Omaha. Upon reaching the dam site, Carey produced the gun and demanded that the driver hand his money to the defendant. After receiving $70 from the driver, the defendant stepped from the cab. The defendant's brother then shot the cab driver, Reuel Eugene Van Ness, Jr., in the back, three or four times, killing him. Van Ness fell from the cab. The defendant then got behind the wheel and drove the taxi back to Omaha while his brother remained in the back seat wiping away fingerprints. The defendant parked the taxi approximately 6 blocks from their home. They divided the money taken from the driver, and then walked home.

The defendant's brother, Carey Dean Moore, has been convicted of first degree murder and sentenced to death.

The defendant bases his appeal for a reduction in sentence on the fact that at the time of the offense he was only 14 years of age, and urges that he was under the influence of his older brother at the time of the commission of the murder. The record, however, indicates that the defendant was fully aware of the possible consequences of the armed robbery.

The trial judge, in imposing the sentence of life imprisonment, noted that there was ample evidence to support a conviction for first degree murder under the felony murder statute and that, while the defendant was only 14 years old, he had been involved in prior criminal activity. The defendant's attitude, as disclosed in the psychiatric report, was an additional reason given for the sentence imposed.

The savage nature of the crime and the defendant's willing and knowing participation in it fully support the judgment of conviction and the sentence imposed. The judgment is affirmed.

AFFIRMED.