STATE OF NEBRASKA, APPELLEE, V.
LEE McNICHOLS, APPELLANT.

317 N.W.2d 95

Filed March 19, 1982. No. 44142.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

PER CURIAM.

The appellant, Lee McNichols (McNichols), appeals from a sentence of life imprisonment imposed upon

McNichols by reason of his having been convicted of the crime of murder in the second degree in violation of Neb. Rev. Stat. § 28-304 (Reissue 1979). Murder in the second degree is a Class IB felony punishable by imprisonment of not less than 10 years nor more than the defendant's natural life. McNichols was sentenced by the trial court to confinement to the Nebraska Penal and Correctional Complex for a period of his natural life. His single assignment of error is that the sentence to a term of life imprisonment is excessive. We believe not, and affirm the sentence of the trial court.

On the evening of November 7, 1980, McNichols and a group of his friends went to a disco nightclub in Millard, Nebraska, called "The Gathering." The victim's two brothers, David and Ronald Payne, also had gone to the same nightclub that evening. There was apparently an altercation in the bar which resulted from one of the female companions in the McNichols party accusing the victim's brothers of calling her "a bitch." Testimony from a number of witnesses is somewhat contradictory, but the victim's brothers denied that they had called the woman a bitch. The female companion told McNichols what had occurred and he approached the brothers. A discussion followed and the brothers denied making any such comment.

Apparently, throughout the remaining part of the evening, there were additional problems involving words between the parties, and finally a bouncer asked McNichols and his party to leave. During the course of the evening, David Payne had left the nightclub for approximately 1 hour, and had returned, accompanied by the victim, Archie Payne, to pick up Ronald. As McNichols and his party were leaving, David Payne was also leaving the nightclub and there were some words between them as they walked out to the parking lot. David Payne was apparently behind McNichols, and McNichols made some comment as to why he was following him. According to McNichols, David Payne's response was that he would see when "we get to the

parking lot." At the time the parties left the bar, Archie Payne had gotten out of the automobile and was approaching the bar entrance.

When the parties reached the parking lot, the testimony becomes confusing and contradictory as to what exactly occurred. However, it is clear that David Payne and McNichols continued to have words, although McNichols claims that David Payne initiated the argument and threatened to fight him. David Payne maintained that it was the other way around. At some point in the argument, McNichols, who had had a loaded pistol in his car, obtained that pistol and fired what was variously described as three to eight shots. One of the shots struck the victim, Archie Payne, in the back, causing his death.

We have oftentimes held that a sentence within statutory limits will not be disturbed on appeal in the absence of evidence showing an abuse of discretion by the trial court. *State v. Wredt*, 208 Neb. 184, 302 N.W.2d 701 (1981); *State v. Irwin*, 208 Neb. 123, 302 N.W.2d 386 (1981); *State v. Freeman*, 201 Neb. 382, 267 N.W.2d 544 (1978).

McNichols is 23 years of age and has completed high school. As in the *Freeman* case, McNichols does not have a serious criminal record, although he does have a number of minor misdemeanors. Nevertheless, one cannot ignore the seriousness of this crime. A life was needlessly taken by what the evidence indicates was an indiscriminate firing of a weapon. The evidence discloses that at some point in time McNichols went to his automobile to get the gun. Had he left the premises at that time, it is likely that no crime would have been committed. Rather than withdrawing from the battle, however, he obtained a pistol from the car and returned to the fight, firing the weapon indiscriminately. As noted by McNichols, the effect of the sentence imposed is a sentence of 10 years to life, rather than life. See *State v. Moore*, 209 Neb. 88, 306 N.W.2d 183 (1981). Under such a sentence McNichols has the full oppor-

tunity to rehabilitate himself, if he can, and convince the parole board of his right to be paroled when he has served his minimum sentence. We are unable to find any evidence to support a claim that as a matter of law the trial court abused its discretion in imposing a maximum sentence in a case as serious as this one. The judgment of the trial court must, therefore, be affirmed.

AFFIRMED.