IN the MATTER OF the CONDEMNATION BY DAIRYLAND POWER COOPERATIVE, of lands located in Sections 18, 19, 20 and 30, T21N, R12W, and Section 24 T21N, R13W, Buffalo County, Wisconsin, in which the following have an interest of record:

Owners:

Thomas J. Nammacher
731 Hennepin Avenue
Minneapolis, MN 55403

James P. Secord
4428 Gieford Drive
St. Louis Park, MN 55426

Mortgagee:

World Service Life Insurance Co.
307 West 7th Street
Fort Worth, TX 76102

DAIRYLAND POWER COOPERATIVE, Appellant,†

V.

Thomas J. NAMMACHER and James P. Secord, Respondents.

Court of Appeals

*No. 82–207. Submitted on briefs October 11, 1982.—Decided December 22, 1982.*
(Also reported in 328 N.W.2d 903.)

† Petition to review denied. DAY, J., took no part.

378

For the appellant the cause was submitted on the briefs of *Wheeler, Van Sickle, Anderson, Norman & Harvey, S.C., William D. Harvey* and *Jeffrey L. Landsman* of Madison.

For the respondents there was a brief by *Whelan, Morey, Ricci, Chambers & Oesterreicher, S.C., C. Michael Chambers* and *Robert L. Oesterreicher* of Cochrane.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Dairyland Power Cooperative appeals from a judgment awarding Thomas J. Nammacher and James P. Secord (N&S) $30,187.44 "litigation expenses." Dairyland contends that N&S are not entitled to litigation expenses and that the expenses were not reasonable and necessary for the condemnation proceedings. We conclude that N&S are entitled to their litigation expenses, but only for those expenses incurred between the time of the jurisdictional offer and the final award. We therefore affirm that portion of the judgment awarding N&S litigation expenses, but reverse as to its amount and remand to the trial court for a redetermination of those expenses.

In the summer of 1978, Dairyland approached N&S regarding the possible purchase of a parcel of land consisting of slightly over 1,000 acres for use as a site for

disposal of fly ash from its adjacent power plant. After unsuccessful negotiations, Dairyland submitted a written offer on September 30, 1980, to purchase the land for $500,000, which N&S rejected. On December 20, 1980, Dairyland filed its jurisdictional offer of $375,000, which was also rejected. Dairyland then commenced its condemnation proceedings, which resulted in a condemnation commission award of $535,000 to N&S.

Dairyland claims that N&S are not entitled to recover litigation expenses under sec. 32.28(3)(d), Stats., because the condemnation commission's award did not exceed its highest written offer. We disagree. Section 32.28(3)(d), Stats., provides:

(3) In lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee if:

. . . .
(d) The award of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% and neither party appeals the award to the circuit court.

The plain meaning of sec. 32.28(3)(d) is that the "award must exceed *either* the jurisdictional offer by 15 percent of the jurisdictional offer or the highest written offer by 15 percent of the highest written offer." *City* of *La Crosse v. Benson*, 101 Wis. 2d 691, 695, 305 N.W.2d 184, 186 (Ct. App 1981). Because the $535,000 award exceeds the $375,000 jurisdictional offer by more than fifteen percent, it follows that N&S are entitled to recover their reasonable litigation expenses necessary to prepare for or participate in the actual or anticipated proceedings before the condemnation commission.

Dairyland next contends that many of the litigation expenses awarded by the circuit court were not reasonable and necessary to prepare for or participate in actual

or anticipated proceedings under ch. 32, Stats. Section 32.28(1) specifically defines litigation expenses as follows:

> In this section, "litigation expenses" means the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter . . . .

The circuit court concluded that these expenses begin under sec. 32.28 whenever a landowner feels that his property is the target of acquisition by the party seeking to exercise the right of eminent domain. The court therefore held Dairyland responsible for N&S's expenses incurred before and after the date of the jurisdictional offer.

In *Kluenker v. Wisconsin Department of Transportation,* No. 81–2439 slip op. (Wis. Ct. App. Nov. 4, 1982), this court, after reviewing the same issue, concluded that the plain meaning of sec. 32.28 prohibits those expenses incurred prior to the date of the jurisdictional offer. Prior to the jurisdictional offer, there are no "actual" proceedings before the commission or court, nor can proceedings be "anticipated." The expectation of an appeal to a commission accrues only when there is a jurisdictional offer, not when preliminary negotiations are set in motion that may or may not prove unsatisfactory. *Id.*

Because the court included fees incurred prior to the date of the jurisdictional offer, we reverse and remand. On remand, the court is to determine and award only those reasonable expenses that were necessary for the condemnation hearing since the date of the jurisdictional offer.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions.[1]

[1] We do not imply by our holding that we agree with *City of La Crosse v. Benson,* 101 Wis. 2d 691, 305 N.W.2d 184 (Ct. App. 1981) or *Kluenker v. Wisconsin Department of Transportation,* No. 81–2439 slip op. (Wis. Ct. App. Nov. 4, 1982). We are, however, mandated by § 752.41(2), Stats., to follow these decisions. The inflexible rule established in *Kluenker* will in some cases cause inequities that the legislature could not have intended. Under this rule, recovery for fees based on an attorney's, appraiser's, or engineer's work product developed prior to a jurisdictional offer and subsequently used at a condemnation proceeding could be unfairly limited. Additionally, the cost recovery required by the statutory construction in *Benson* permits recovery by a condemnee who could have settled for more than 85% of what was ultimately awarded.

[†] Petition to review denied.