STATE OF NEBRASKA, APPELLEE, v. RENEE F. ISHERWOOD, APPELLANT.

330 N.W.2d 495

Filed February 25, 1983. No. 82-375.

Berry, Anderson, Creager & Wittstruck, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

MORAN, D.J.

Defendant, Renee F. Isherwood, was charged with first degree murder. She pleaded guilty to an amended information charging her with second degree murder, and was sentenced to life imprisonment with credit for time in jail awaiting disposition of the case. She appeals, contending that the sentence was excessive. We affirm.

The record and presentence report disclosed that the defendant is a high school graduate who had been an honor student until her senior year. She was 18 years old at the time of the offense and was living with her 28-year-old boyfriend. They were planning to marry when his divorce became final. Her boyfriend was employed and the defendant was caring for his 4-year-old son, who was the victim. The boy had misbehaved and defendant began spanking him, progressed to striking and beating him, and finally strangled the child to death either with her hands or a television cord, or both. There was evidence that the defendant attempted to cover up the crime when she called the police immediately after the event.

Defendant's claim that there was an abuse of discretion centers upon an unblemished prior record and psychiatric testimony indicating that she was suffering from continuing personality problems and depression. She was hospitalized for depression for 3 days approximately 6 months before the crime. Short-term psychiatric therapy was recommended, but the defendant did not undergo therapy. The presentence report discloses that the defendant did not want to care for the child, but her boyfriend demanded she care for the boy as a condition of continuing their relationship. This arrangement caused the defendant considerable stress.

There was considerable disagreement as to the nature of the defendant's mental difficulties. Experts testified for the State and the defense at the hearing conducted under Neb. Rev. Stat. § 29-2027 (Reissue 1979) to determine the degree of the homicide. Experts also submitted their depositions and written reports, which were made a part of the presentence report. The trial judge obviously chose to believe the witnesses for the State, as he had a right to do. Their findings may be summarized as disclosing that the defendant had no ongoing psychosis or neurosis and used passive-aggressive and passive-

dependent types of tactics in relating to others and in carrying out her day-to-day activities. Psychiatric help was believed to be in order.

It is important to note that under our decisions the effect of the sentence imposed is an indeterminate sentence of 10 years to life. *State v. Moore,* 209 Neb. 88, 306 N.W.2d 183 (1981); *State v. McNichols,* 210 Neb. 875, 317 N.W.2d 95 (1982).

A sentence within statutory limits will not be disturbed on appeal in the absence of evidence showing an abuse of discretion by the trial court. *State v. McNichols, supra.*

In this case the evidence would have supported a conviction of first degree murder. The victim was a defenseless child. The injuries inflicted causing death were the result of a brutal, sustained attack. In imposing sentence the trial judge observed that he had considered the mitigating circumstances, that the defendant had underlying problems which needed to be taken care of, and that any other sentence would depreciate the seriousness of the offense to the defendant and to others. We conclude there was no abuse of discretion resulting in an excessive sentence.

AFFIRMED.