Nicholas E. PETROS and Angela Petros, Plaintiffs-
Respondents-Cross Appellants,

v.

CITY OF WATERTOWN, Wisconsin, a municipal
corporation, Defendant-Appellant-Cross Respondent.

Court of Appeals

*No. 88–1394. Submitted on briefs June 8, 1989.—Decided
October 19, 1989.*

(Also reported in 449 N.W.2d 72.)

For the defendant-appellant-cross respondent the cause was submitted on the briefs of *Dierker, Bender & Levi, S.C.,* by *Thomas J. Levi,* assistant city attorney, of Watertown.

For the plaintiffs-respondents-cross appellants the cause was submitted on the briefs of *Whyte & Hirschboeck S.C.,* by *Richard C. Ninneman* and *Robert J. Berdan,* of Milwaukee.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. The city of Watertown condemned land owned by Nicholas and Angela Petros (owners). The owners did not accept the city's jurisdic-

tional offer of $140,000, and a jury determined that the property taken was worth $232,979. The trial court awarded the owners $94,463.50 for attorney's fees, $4,692.08 for legal disbursements, and $5,592.22 for out-of-pocket expenses. The city appeals from the order awarding those sums. The owners cross-appeal, seeking an award of their litigation expenses on appeal.

We conclude that the trial court erred to the extent it awarded expenses the owners incurred (1) before the city made its jurisdictional offer and (2) in negotiating division of the proceeds from the award of compensation before the parcel's transfer to the city. We conclude that the trial court did not otherwise err when determining the reasonableness of the condemnees' attorneys fees. We reverse the order in part and remand for appropriate deductions from the award. We grant the owners' request in their cross-appeal for their expenses in this appeal, and we direct the court to determine a reasonable sum for the owners' expenses with respect to the issues which they successfully litigated before us.

■

It is undisputed that the owners are entitled to their "litigation expenses" under sec. 32.28(3), Stats. Section 32.28(1) defines "litigation expenses" as "the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings . . . under this chapter." Appellate review of a trial court's allowance of litigation expenses under sec. 32.28 is limited to whether the court properly exercised its discretion. *Standard Theatres v. Transportation Dept.,* 118 Wis. 2d 730, 747, 349 N.W.2d 661, 671 (1984). The *Standard Theatres* court chose that scope of review because of the "advantageous position [of the

trial court] to make a determination as to the reasonableness of a firm's rates." *Id.*

A trial court properly exercises its discretion if it employs a logical rationale based on the appropriate legal principles and facts of record. *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175, 184 (1982). If those criteria have been met, we must affirm the court's decision even if we would have made a different decision. *Independent Milk Producers Co-op v. Stoffel,* 102 Wis. 2d 1, 12, 298 N.W.2d 102, 107 (Ct. App. 1980). If the criteria are not met, we reverse and usually remand for the court to redo its decision.

The trial court had before it a detailed statement by the owners' counsel of the hours their attorneys devoted to described subjects pertaining to the condemnation on various dates. The city does not challenge the facts detailed in the statement. The court also had the record made before it prior to and during the trial.

The city challenges the extent of legal services provided, not the hourly rate the owners' attorneys charged. The trial court rejected the challenge. It viewed the case as a unique condemnation action because it involved an airport clear zone. It described the city's trial defense as "tenacious." It said the city's defense had provided "exquisite coverage of every possible issue," and noted that the city and the owners had brought voluminous motions *in limine* and that stipulations were almost nonexistent. In the court's view, the city had overtried the case, and that had prolonged the trial and preparation for it. Some seventeen on-site inspections had occurred, a record in the experience of the trial judge. While the city urged that the owners had not needed two attorneys at the motion hearings and at the trial, the city itself had two attorneys at one motion hearing and dur-

ing the entire trial. We conclude that the trial court's rationale for the award was adequate, unless it embraced an error of law.

■

The award embraces an error of law to the extent that it includes legal expenses incurred before the date the city served its jurisdictional offer. In *Kluenker v. State,* 109 Wis. 2d 602, 605, 327 N.W.2d 145, 147 (Ct. App. 1982), we held "that the plain meaning of [sec. 32.28(1), Stats.] precludes a condemnor from responsibility for attorney's fees incurred prior to the jurisdictional offer." Litigation expenses do not accrue under sec. 32.28(1) "whenever a landowner feels that his property is the target" of a condemnation action. *Matter of Condemnation by Dairyland Power,* 110 Wis. 2d 377, 380, 328 N.W.2d 903, 904 (Ct. App. 1982). The award must be reduced to the extent it includes fees and disbursements the owners incurred before the jurisdictional offer.

The award of litigation expenses embraces a second error of law, since it includes the legal expenses the owners incurred to "clear title." Two mortgagees held interests in the original parcel owned by Petros out of which the condemned land was carved. Counsel for Petros negotiated with the mortgagees over division of the award-of-compensation check that the city would release pursuant to sec. 32.05(7)(d), Stats. Petros argues here, following the apparent rationale of the trial court, that the negotiations avoided litigation over the division under sec. 32.05(9)(a)3., and that the fees incurred should therefore be allowed as litigation expenses. We disagree.

■

Litigation over the division of proceeds from a condemnation is a separate action to partition personal

property. Section 32.05(9)(a)3., Stats., provides that an interested party may petition for division under sec. 820.01, Stats. Such an action is between the parties interested in the land prior to the condemnation and does not involve the condemnor. Expenses related to such an action are not "litigation expenses" which a condemnor must pay under sec. 32.28(1).[1] On remand the trial court must deduct the expense from the award.

The city argues that the trial court's rationale for the entire award is defective because the trial judge stated on the record that, when he was in private practice, he had a partner who incurred substantial costs in a condemnation case and who was a state senator when sec. 32.28, Stats., was created, which made the judge familiar with the statute's legislative history. While these remarks were unnecessary, we reject the inference the city would have us draw that the trial judge took into account irrelevant factors when making its award.

The city challenges the court's description of this case as being a unique condemnation action because it involved an airport clear zone. The purpose for which the city obtained the land has nothing to do with the valuation of the property, since the issue under sec. 32.09(5)(a), Stats., is the fair market value of the property taken. However, the land was immediately adjacent to the existing Watertown Municipal Airport and in the flight path of planes landing at and taking off from the airport. The land was subject to building height restrictions because of an airport zoning overlay, and its location could complicate the determination of its fair market value. We conclude that the trial court's

---

[1]Nor was clearing title necessary to the condemnation. The city acquired fee simple by having its award of compensation recorded. Sec. 32.05(7)(c), Stats.

characterization of the case is not clearly erroneous. We therefore accept it. Sec. 805.17(2), Stats.

The city presented the affidavit of an attorney experienced in trying condemnation cases stating he would require about forty percent of the hours the owners' attorneys consumed to prepare for and try this case from the date of the jurisdictional offer through the date of the verdict. The court rejected the opinion of that attorney, who candidly stated he knew nothing about the fees actually requested because he had not examined the owners' fee application. Contrary to the court's characterization of the case, the attorney believed it was straightforward and uncomplicated. The weight to be given to the opinion of the attorney supporting the city's position was for the trial court to determine, and we therefore accept its rejection of that opinion as unfounded.

The city asks that we establish guidelines for trial courts when evaluating the reasonableness of attorney's fees in condemnation cases. We decline to do so. Rather than impose or even suggest such guidelines, the *Standard Theatres* court left the issue of reasonable fees to the discretion of the trial court. 118 Wis. 2d at 747, 349 N.W.2d at 671. Our function is to review the trial court's exercise of that discretion, and we have done so.

The city acknowledges that the owners are entitled to additional litigation expenses for this appeal if they prevail. A condemnee who prevails on appeal may recover reasonable attorney's fees incurred on appeal. *Narloch v. Department of Transportation,* 115 Wis. 2d 419, 441, 340 N.W.2d 542, 553 (1983). We see no reason, however, to allow attorney's fees incurred on issues as to

which the owners did not succeed. On remand the trial court shall determine first whether the total attorney's fees and disbursements incurred by the owners on appeal are reasonable and second what part of those fees pertain to the issues as to which they prevailed, and shall allow the latter amount.

*By the Court.* —Order approving litigation expenses affirmed in part and reversed in part and matter remanded for further proceedings consistent with this opinion, including allowance of respondents' expenses on appeal; each party to bear its own taxable costs on the appeal and cross-appeal.