Leonard CHMILL and Ruth Chmill, Plaintiffs-Appellants,

v.

FRIENDLY FORD-MERCURY OF JANESVILLE,
INC., and Ford Motor Company, Defendants-Respondents.

Court of Appeals

*No. 88-1934. Submitted on briefs June 8, 1989.—Decided
January 18, 1990.*

(Also reported in 453 N.W.2d 197.)

For the plaintiffs-appellants the cause was submitted on briefs of *Bolgrien, Ruth, Rentz, Mineau & Koepke, S.C.,* by *Louis X. Mineau,* of Beloit.

For the defendants-respondents the cause was submitted on briefs of *Maurice J. McSweeney* and *Brian W. McGrath,* of Milwaukee.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. This is the second appeal arising out of an action by Leonard and Ruth Chmill against Friendly Ford-Mercury of Janesville and Ford Motor Company under sec. 218.015, Stats., Wisconsin's "lemon law." Defendants brought the first and lost. Chmills bring the second.

In the original judgment, the trial court ordered defendants to replace Chmills' Ford Tempo automobile with a new vehicle and pay Chmills $8,646 for attorney fees, costs, and disbursements. We affirmed and directed that "[o]n remand the trial court shall determine a reasonable attorney fee award to the Chmills for the appeal to this court." *Chmill v. Friendly Ford-Mercury,* 144 Wis. 2d 796, 809, 424 N.W.2d 747, 753 (Ct. App. 1988) *(Chmill I).*

The issues Chmills raise in this appeal are whether the trial court on remand abused its discretion under sec. 218.015(7), the fee-shifting statute in the lemon law,[1] by not awarding them: (1) disbursements on appeal not taxed as costs by the court of appeals; (2) disbursements and fees incurred on remand in litigating, after remand, the amount of the appellate fees; (3) disbursements and fees unrelated to the appeal and incurred between the last day of trial and the date defendants filed their notice of appeal; (4) fees and disbursements incurred in a garnishment action to enforce the judgment.

We conclude the trial court should have awarded the disputed items, other than those incurred in a garnishment action, to the extent they were reasonable. We again reverse and remand for redetermination of the total award. Because Chmills have prevailed on issues in this appeal, we direct the court on remand also to determine Chmills' reasonable disbursements and fees on this appeal except those incurred concerning the garnishment issue, on which they did not prevail.

## 1. PROCEEDINGS ON FIRST REMAND

On remand, Chmills sought not only attorney fees for the appeal but also all post-trial fees and disbursements, including those incurred in a garnishment. They brought the garnishment to enforce that part of the original judgment which had awarded fees and disbursements through the last day of trial. The trial court

---

[1]Section 218.015(7) provides:

> In addition to pursuing any other remedy, a consumer may bring an action to recover for any damages caused by a violation of this section. The court shall award a consumer who prevails in such an action twice the amount of any pecuniary loss, together with costs, disbursements and reasonable attorney fees, and any equitable relief the court determines appropriate.

awarded Chmills $12,100 for their attorney's fees incurred in the appeal, but nothing for fees incurred after the trial and unrelated to the appeal or incurred in litigating the fee award itself. It refused to award any further disbursements.

The trial court believed that our mandate in *Chmill I* spoke only to an award of Chmills' attorney's fees for the appeal and not to their disbursements. Apparently for the same reason, it awarded no fees for time spent on remand in litigating Chmills' fees for the appeal. It noted that although the judgment appealed by defendants in *Chmill I* awarded fees for litigation before the trial court, Chmills did not cross-appeal. The court concluded that by failing to cross-appeal, Chmills waived any claim for additional fees on matters unrelated to the appeal.

We note at the outset that appellate review of an attorney fee award is limited to whether the trial court properly exercised its discretion. *Standard Theatres v. Transportation Dept.,* 118 Wis. 2d 730, 747, 349 N.W.2d 661, 671 (1984). A trial court properly exercises its discretion if it employs a logical rationale based on the appropriate legal principles and facts of record. *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175, 184 (1982).

## 2. DISBURSEMENTS ON PRIOR APPEAL

In *Chmill I* we said:

> Section 218.015(7), Stats., provides that the court may award a prevailing consumer costs, disbursements and reasonable attorney fees. This provision includes attorney fees for appellate work essential to the consumer's success. *Shands v. Castrovinci,* 115 Wis. 2d 352, 359, 340 N.W.2d 506, 509 (1983). On remand the trial court shall determine a reasonable

attorney fee award to the Chmills for the appeal to this court.

*Chmill I,* 144 Wis. 2d at 809, 424 N.W.2d at 752–53.

On remand, the trial court read *Chmill I* too literally. It improperly exercised its discretion because it ignored the context of our statement. That context shows that we intended to apply sec. 218.015(7), Stats., which permits an award of "costs, disbursements and reasonable attorney fees," not just fees. We intended to award the awardable.[2]

On remand, the trial court shall award Chmills their reasonable disbursements incurred in the first appeal, excluding items taxed as costs by the clerk of this court. Since no review is sought of the $12,100 award for their fees incurred in the prior appeal, their appellate disbursements are awarded in addition to that amount.

3. DISBURSEMENTS AND FEES IN LITIGATING FEE AWARD IN PREVIOUS APPEAL

---

[2]We note that "costs" can refer to those items taxed by the clerk of the circuit court upon application of a prevailing party after judgment. Secs. 814.04 and 814.10, Stats. Such costs include "attorney fees" up to $100 as well as certain "disbursements." Sec. 814.04(1) and (2). Costs on appeal, taxed by the clerk of the appellate court, are governed by sec. (Rule) 809.25, Stats. Fee-shifting statutes contemplate that those recovering under them will be made whole. They do not contemplate double awards of any items.

To clarify that costs and disbursements under a fee-shifting statute refer to reasonable expenses incurred in litigation above and beyond, but not including, those taxed as costs by a court clerk, we use only the word "disbursements" in this opinion.

■ The trial court again read *Chmill I* too literally when it refused to award Chmills their disbursements and attorney's fees incurred on remand to litigate the fee award we mandated in *Chmill I.* We did not intend to preclude Chmills from recovering their expenses in that litigation.

Our mandate did not cover the issue because neither party had raised it, probably because no one could predict whether the remand would involve more litigation. The issue was left open, and the trial court should have treated it as such.

> Where a mandate directs the entry of a particular judgment, it is the duty of the trial court to proceed as directed. The trial court may, however, determine any matters left open, and in the absence of specific directions, is generally vested with a legal discretion to take such action, not inconsistent with the order of the upper court, as seems wise and proper under the circumstances.

*Fullerton Lumber Co. v. Torborg,* 274 Wis. 478, 483, 80 N.W.2d 461, 464 (1957).

We lack Wisconsin precedent on whether a reasonable attorney fee is allowable under a fee-shifting statute when it is necessary to litigate a fee. However, federal precedent exists. *Cf. Board of Regents v. Personnel Comm.,* 147 Wis. 2d 406, 412-13, 433 N.W.2d 273, 276-77 (Ct. App. 1988) (federal precedent persuasive on issue arising under sec. 230.85(3)(a)4., Stats., a fee-shifting statute).

Federal courts have consistently held that attorney fees may be awarded under fee-shifting statutes to compensate for the expense and time spent litigating the issue of a reasonable fee. See cases cited in *Prandini v.*

*National Tea Co.,* 585 F.2d 47, 53–54 (3d Cir. 1978). The rationale is this:

> If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased. Recognizing this fact, attorneys may become wary about taking . . . cases for which attorneys' fees are statutorily authorized. Such a result would not comport with the purpose behind most statutory fee authorizations, *viz,* the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating [legislative] policies.

*Id.* at 53. That rationale is consistent with *In Matter of Estate of Trotalli,* 123 Wis. 2d 340, 361, 365, 366 N.W.2d 879, 889 (1985), which held that a guardian *ad litem* in a probate proceeding was entitled to compensation for time spent in the trial court and on appeal meeting an estate's unreasonable opposition to his fee.

■

We adopt the federal approach, which allows reasonable fees and disbursements incurred to litigate fees under a fee-shifting statute, unless precluded by the language of the statute. The applicable fee-shifting statute, sec. 218.015(7), Stats., does not prevent that result.

■

However, no fee should be awarded for litigating a fee issue on which the claiming party is not successful. *Institutionalized Juveniles v. Sec. of Pub. Wel.,* 758 F.2d 897, 924 (3d Cir. 1985). This is consistent with our conclusion in *Footville State Bank v. Harvell,* 146 Wis. 2d 524, 538–40, 432 N.W.2d 122, 129–30 (Ct. App. 1988), where we construed the fee-shifting provision in sec. 425.308(1), Stats., a part of the Wisconsin consumer act.

In *Footville* we said that "the consumer who succeeds on some but not all issues recovers attorney's fees only as to the successfully litigated issues." *Id.* at 540, 432 N.W.2d at 130.

### 4. POST-TRIAL AND NON-APPEAL-RELATED FEES AND DISBURSE-MENTS OTHER THAN IN GARNISH-MENT ACTION

The original judgment ordered that "the plaintiffs recover from the defendants their reasonable attorney's fees in the amount of $5,500." Chmills contest the court's ruling on remand that because they failed to cross-appeal from the original judgment, they waived the right to challenge the failure to award fees for their post-trial and pre-appeal expenses.[3] They argue that when it entered the original judgment, the trial court did not intend to preclude additional awards of their attorney's fees.

■ The rules of construction for judgments are the same as those for other written instruments. *Wright v. Wright,* 92 Wis. 2d 246, 255, 284 N.W.2d 894, 899 (1979), *cert. denied,* 445 U.S. 951 (1980). A court may look to extrinsic evidence to determine whether a document was intended to incorporate the entire understanding between the parties to it without regard to the ambiguity of the document. *In re Spring Valley Meats, Inc.,* 94 Wis. 2d 600, 608, 288 N.W.2d 852, 855 (1980).

The judgment followed the trial court's memorandum decision. There the court said: "The court is aware that the itemization of services does not take into

---

[3]We infer from the record that those matters include client contacts, work on post-trial briefs, and drafting of the judgment, amended judgment, and bill of costs.

account services performed after April 18, 1986 [the first day of trial]. Through that date, counsel for the plaintiffs had approximately 90 hours of preparation and trial time. Considering the time spent by counsel for the plaintiff on the second day of trial [on June 27], the court will award to the plaintiffs attorney's fees of $5,500." In light of that statement, we conclude the court did not intend that the judgment preclude a subsequent award of attorney fees reasonably incurred after the trial. Consequently, failure to cross-appeal from the judgment precluded Chmills only from contesting the amount of the award through the second day of trial.

[9]

On remand, we direct the trial court to award those disbursements and attorney fees reasonably incurred by Chmills between the date of trial and the date of the notice of appeal.

5. FEES AND DISBURSEMENTS IN GAR-NISHMENT ACTION

Chmills brought a garnishment action to enforce the fee award in the original judgment. The trial court concluded that because the garnishment action was separate and unrelated to the appeal, Chmills could not recover disbursements and fees totaling nineteen hours incurred in connection with that action.

The trial court may have included distinct enforcement activities within the term garnishment. Chmills brought a garnishment action, opposed a motion for stay of enforcement of judgment, and moved for an order to show cause why Chmills had not received their new automobile.

Section 218.015(7), Stats., authorizes an award of fees and disbursements incurred in an action to recover damages under the lemon law. Because garnishment is a

separate action, sec. 812.01(2a), Stats., Chmills are not entitled to recover fees and disbursements for it in the main action. The prevailing party in a garnishment action may recover taxable costs in that action if any issue goes to trial. Sec. 812.22.

The trial court properly declined to award fees and · disbursements for the garnishment action. However, as we have noted, the court may have included enforcement actions within the main action under the rubric of garnishment. If such activities were reasonably necessary, the court should award disbursements and attorney fees incurred in those activities, to the extent they are also reasonable.

### 6. DISBURSEMENTS AND FEES ON THIS APPEAL

Chmills have prevailed on all but one of the issues raised in this appeal. Accordingly, they are entitled to reasonable attorney fees and disbursements incurred in this appeal, and on remand the trial court shall award the same to Chmills, again excluding costs taxed by the clerk of the court of appeals.

However, as in *Petros v. City of Watertown,* 152 Wis. 2d 692, 699–700, 449 N.W.2d 72, 75 (Ct. App. 1989), and *Institutionalized Juveniles,* 758 F.2d at 924, we see no reason to allow fees and disbursements incurred for the issue on which Chmills lost. On remand, the trial court shall determine the reasonable fees and disbursements pertaining to the issues on which Chmills prevailed and award that amount. We leave it to the trial court's discretion to devise an appropriate, just, and equitable procedure.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.