IN the MATTER OF the ESTATE OF Kenneth C. HUEHNE, deceased:

James A. HUEHNE, Appellant-Cross Respondent,

v.

Robert W. HUEHNE, Personal Representative of the Estate of Kenneth C. Huehne and Attorney Robert C. Block, Respondents-Cross Appellants.

Court of Appeals

*No. 92-1018. Submitted on briefs February 2, 1993.—Decided March 2, 1993.*

(Also reported in 498 N.W.2d 870.)

34

For the appellant-cross respondent the cause was submitted on the brief of *J. Paul Morrow* of *Morrow Law Offices* of Dodgeville.

For the respondents-cross appellants the cause was submitted on the brief of *Michael W. Gill* of *Hale, Skemp, Hanson & Skemp* of La Crosse.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   This is an appeal and cross-appeal of the portion of a trial court's judgment reducing by 20% the fees of the estate's attorney, Robert Block, and of the personal representative, Robert Huehne, requiring payment of 7% interest to the estate for fees taken prior to court approval and permitting the attorney's fees and expert witness fee incurred in response to James Huehne's objection to be paid from the assets of the estate.[1] James contends that the trial court erred by (1) approving Block's and Robert's fees, even though

---

[1] For ease in discussion, Robert Block will be referred to as "Block," Robert Huehne will be referred to as "Robert" and James Huehne will be referred to as "James."

reduced by 20%, (2) permitting the attorney's fees and expert witness fee Block and Robert incurred in response to James' objection to be paid from the estate's assets and (3) denying him payment of his costs and attorney's fees from the estate's assets. James argues that Block's and Robert's fees are unreasonable because (1) the estate was not complex and the estate should have been closed more quickly, (2) Robert is not entitled to statutory fees because he discharged none of his statutory responsibilities but transferred all of such duties to Block and (3) the trial court should have imposed sanctions on Block and Robert because they took their fees out of the estate's assets without prior approval. James further argues that he, not Block and Robert, is the prevailing party in the underlying objection action because the objection resulted in a 20% reduction in Block's and Robert's fees, each had to repay the excess fees prematurely taken plus 7% interest and neither is to be compensated for future services or proceedings involving the estate. Therefore, James contends, he is entitled to payment from the estate for his costs and attorney's fees incurred in litigating the objection.

Block and Robert contend that the court erred by reducing their fees by 20% and requiring them to pay 7% interest on fees taken prior to court approval of the final account. They argue that the court lacked authority to reduce their fees in the absence of a finding that the fees were unreasonable or that they were "derelict in duty." They further argue that the court lacked authority to require them to pay 7% interest on "prepaid" fees because the fees were properly paid. Because we conclude that the court properly exercised its discretion by reducing Block's and Robert's fees by 20%, requiring repayment of excess fees taken from the estate plus 7% interest and approving the payment from the estate's assets

of the attorney's fees and expert witness fee Block and Robert incurred in response to the objection, we affirm the judgment.

## FACTS

Kenneth Huehne died in October 1987, leaving Robert and James as the only heirs. The will named Robert as personal representative, who retained Block as attorney for the estate. The will was admitted to probate in October 1987.

The substantial estate included various real estate interests and land contracts, investment funds, securities and a homestead. Robert estimated that he had spent fifty to sixty hours on estate matters, such as repairing and maintaining the homestead until it was sold. Robert acknowledged that he did not respond to James' correspondence concerning the estate's administration and that Block gathered the estate's assets and handled most of the paperwork and correspondence concerning the estate and its assets.

Meanwhile, James wrote several letters to Robert and to the trial court expressing his dissatisfaction with the estate's administration, particularly the amount of time that it was taking. The court directed Block to respond to the correspondence. Neither Block nor Robert responded to James' inquiries and complaints about the delay in the estate's administration. Block conceded that in 1988, he was publicly reprimanded by the State Bar Association, based partly on his neglect of several estates.

The final account was filed in December 1989. It reflected Block's request for $23,883.60 in attorney's fees and Robert's request for $11,195.59 in personal representative fees. In July 1990, the first supplemental final account was filed that reflected disbursements to Block

of $25,896.70 and to Robert of $11,195.59. James objected to the final account and the first supplemental final account, particularly to the amount of fees and the fact that the fees had already been disbursed.

At the hearing on the objection, both sides presented conflicting testimony concerning the complexity of the estate and the amount of time required to administer the estate. Block testified that he charged $80 per hour and that he had devoted 309 hours to estate matters. While James agreed that $80 per hour is a reasonable fee for an experienced probate attorney, he presented testimony that 309 hours was an unreasonable amount of time to spend on the estate.

After the hearing on the objection, the court made the following findings: (1) The estate presented complexities that were very time consuming and Block spent 308.8 hours on estate matters; (2) Block's fees were reasonable and the estate was not unreasonably held open; (3) the personal representative's fees are statutorily set; and (4) Block and Robert failed to properly communicate the alternative disposition of assets and possible consequences to James, and James did not have access to decisions concerning estate assets. The court reduced Block's and Robert's fees by 20%, approved the rest of the final account and first supplemental final account and ordered that additional services be without compensation.

James moved for additional findings, and the court made the following additional findings on August 12, 1991: (1) Robert performed all of the duties required of a personal representative that he was capable of and is entitled to fees under sec. 857.05(2), Stats.; (2) Block and Robert were prepaid $25,871.60 and $11,195.59, respectively, on December 5, 1989 without the court's approval; (3) Block's and Robert's fees were reduced

because they failed to properly communicate the status of the estate to James and (4) James had not prevailed because fees were allowed to Block and Robert under the court's previous decision. Based on these findings, the court ordered Block and Robert each to pay to the estate 7% interest on the prepaid amount since December 5, 1989, and approved payment from the estate's assets of the attorney's fee and expert witness fee Block and Robert incurred in response to James' objection.

## REASONABLENESS OF FEES

Appellate courts will uphold trial court determinations of the amount of reasonable attorney's fees for services rendered unless the trial court erroneously exercised its discretion. *Standard Theatres, Inc. v. State DOT*, 118 Wis. 2d 730, 747, 349 N.W.2d 661, 671 (1984). "A trial court properly exercises its discretion if it employs a logical rationale based on the appropriate legal principles and facts of record." *Chmill v. Friendly Ford-Mercury of Janesville, Inc.*, 154 Wis. 2d 407, 412, 453 N.W.2d 197, 199 (Ct. App. 1990).

James contends that the court erroneously exercised its discretion by approving over $25,000 for attorney's fees relating to the probate of the estate. He argues that the estate was relatively simple, the estate was unreasonably held open and Block prepared documents capable of preparation by others at a lower hourly rate. He challenges the trial court's express findings to the contrary by reiterating testimony from the objection hearing and inviting this court to make its own findings of fact. We decline this invitation, as we are not a fact-finding court.

Section 851.40(2), Stats., provides that when an heir under a will that has no provision concerning attor-

ney's fees petitions the court for review of an attorney's fee, the trial court shall consider the following factors when determining what is a reasonable attorney's fee: (1) the time and labor required; (2) the attorney's experience and knowledge; (3) the complexity and novelty of the problems involved; (4) the extent of the responsibilities assumed and the results obtained and (5) the sufficiency of available assets for payment, except that the estate's value may not be the controlling factor. The record indicates that the trial court considered all of these factors.

The trial court heard substantial conflicting testimony concerning the complexity of the estate and the problems it presented, the time and labor required and the extent of responsibilities Block assumed. The trial court based its findings upon its own determination of the weight and credibility of conflicting witness testimony, and appellate courts review these determinations with deference. *See Leciejewski v. Sedlak*, 116 Wis. 2d 629, 636-37, 342 N.W.2d 734, 738 (1984). The trial court concluded that the hours expended in the probate of the estate were reasonable given the complexities accompanying the substantial amount of the estate and the nature of its holdings. The evidence supports the court's findings of fact. Therefore, we conclude that the court properly exercised its discretion by concluding that the fees Block requested were reasonable.

James also contends that Robert was not entitled to a statutory personal representative's fee because he failed to discharge his obligations as personal representative and instead surrendered these responsibilities to Block. A trial court's approval of personal representative fees will be upheld absent an erroneous exercise of discretion. *In re Anderson*, 147 Wis. 2d 83, 93, 432 N.W.2d

923, 928 (Ct. App. 1988). Section 857.05, Stats., provides for a personal representative fee of 2% of the estate's value in the absence of a written agreement, but if the personal representative is derelict in duty, the court may reduce or deny compensation.

Here, the court found that Robert met with Block on several occasions concerning the estate's administration and, given the estate's complexities, properly discharged the responsibilities that he was capable of handling. We conclude that the record supports this finding. James asserts that the trial court's reduction of Robert's fee by 20% based upon its finding that Robert failed to communicate with James concerning the estate amounts to a finding that Robert was "derelict in his duty." James asks this court to determine "whether [a 20% reduction] is reduction enough." The statute provides that the court *may* reduce the personal representative's fee. Because the reduction and its amount are matters left to trial court discretion, *see Anderson*, 147 Wis. 2d at 93, 432 N.W.2d at 928, and because the record supports the findings upon which the court based its decision to approve Block's and Robert's application for fees subject to a 20% reduction, we conclude that the court properly exercised its discretion and reject James' contentions to the contrary.

Finally, James argues that the trial court should have imposed sanctions on Block and Robert because they took their fees out of the estate's assets prior to court approval. James concedes that there is no Wisconsin authority for penalizing Block and Robert for taking their fees out of the estate's assets prior to court approval. He merely questions whether the fee reduction and charging of interest against Block and Robert is

penalty enough for their actions and inactions. Because this question involves both fact-finding and the exercise of judicial discretion, we decline James' invitation to make this determination anew on appeal. The evidence supports the trial court's findings of fact, and its exercise of discretion reflects a reasoned judgment. We therefore uphold the trial court's findings of fact and exercise of discretion.

## CROSS-APPEAL: REDUCTION OF FEES

Block and Robert contend that the trial court erred by reducing their fees by 20%, after it found those fees were reasonable. Block argues that the court's finding that he failed to communicate the status of the estate to James is an improper basis for reducing his fees. We disagree. First, Block does not challenge the trial court's determination that he had a duty to advise James concerning estate matters. The court imposed that duty upon Block when it directed him to respond to James' inquiries. Finally, the court implicitly found that Block's violation of the court's order to communicate with James contributed to James' objections and increased the amount of time required to administer the estate. For example, James claims he indicated that he would have proposed assigning the land contracts prior to payment and could have made other suggestions that would have expedited closing the estate. The record supports these determinations, and the trial court's exercise of discretion reflects a reasoned judgment. We therefore conclude that Block's failure to communicate the status of the estate to James is an appropriate basis for reducing his fees.

██ Block contends that he did communicate with James on several occasions. Two letters to James from Block appear in the record. One letter inquires whether James was willing to sign a waiver of notice of final hearing, explains that a transcription breakdown of his fees is forthcoming and informs James that the Wisconsin DOR approved the inheritance tax computations. The other letter explains the source of a $30,000 check sent to James and informs James that the estate would be closed "after the Dietzel [land contract] payment." Despite these two letters, the court concluded that Block and Robert failed to give James access to decisions concerning the estate's administration. The record supports this conclusion.

██ Block also asserts that the court subsequently recanted its finding that Block had failed to adequately communicate with James. We disagree. The court did not recant that finding; rather, the court rejected James' assertion that Block made no attempts to assign the estate's assets to the heirs. The court then reiterated its finding that Block failed to communicate with James. Because the record supports the trial court's finding that Block failed to properly communicate the status of the estate to James and the court's decision to reduce Block's fees by 20% is the product of a reasoned judgment, we uphold the court's exercise of its discretion.

██ Similarly, Robert asserts that sec. 857.05(2), Stats., permits a reduction of the personal representative's fees only if the court finds the personal representative was derelict in his duty. He then points to the court's finding that Robert performed all of the duties he was capable of and contends that the court made no finding of derelic-

tion. We disagree. Robert's assertions are directly contrary to the trial court's finding that he failed to properly communicate the status of the estate to James. Based on that finding, the court reduced Robert's statutory fees. Although the court did not expressly state that the failure to communicate with James was "derelict," that conclusion is implicit in the court's findings and the record supports that conclusion. Therefore, we conclude that the trial court properly exercised its discretion by reducing Robert's fees by 20% because he failed to communicate the status of the estate to James.

## CROSS-APPEAL: INTEREST CHARGED ON PREPAID FEES

Finally, Block and Robert argue that if this court agrees that the trial court erred by reducing their fees, we must also reverse the portion of the judgment requiring them to pay the estate 7% interest on the fees they took prior to court approval. They concede, however, that if the fees were improperly received, the court has authority to require restitution and that sec. 857.05, Stats., requires repayment of improperly received fees. Based on our conclusion that the trial court correctly determined that the fees were improperly received, we conclude that the trial court also properly required payment of interest to the estate for the improperly received fees.

## COSTS AND FEES FOR "PREVAILING PARTY"

Section 879.33, Stats., provides, in part: "Costs may be allowed in all appealable contested matters in court to the prevailing party, to be paid by the losing party or out of the estate as justice may require ...." *Chmill*, 154 Wis.

2d at 415, 453 N.W.2d at 200, authorizes a prevailing litigant to recover reasonable attorney's fees expended in successfully litigating the issue whether the attorney and personal representative fees charged for services rendered to the estate were reasonable. We will affirm the trial court's exercise of its discretion to award costs if the record shows that the court correctly applied the legal standards to the facts and reached a reasoned conclusion. *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20-21 (1981).

James contends that he, not Block and Robert, prevailed on the issues of reasonable attorney and personal representative fees because, as a result of his objection, the fees Block and Robert requested were reduced by 20% and each was required to pay 7% interest to the estate for prematurely taken fees. However, the trial court in its discretion determined that James had not prevailed in his objection, based on its findings that the fees were reasonable, the estate was not unreasonably held open and Robert properly discharged his statutory duties.

James' objection was based upon his contentions that the fees were unreasonable, the estate was unreasonably left open and Robert failed to discharge his statutory duties. James did not argue as a basis for his objection to the fees that Block and Robert failed to communicate the status of the estate to him, the reason the court gave for its decision to reduce the fees. Because the court's findings expressly reject James' contentions that Block's and Robert's fees were unreasonable, the estate was unreasonably held open and Robert failed to discharge his duties, the record supports the court's finding that James did not successfully litigate these issues. Additionally, because James did not litigate the issue of

Block's and Robert's failure to properly communicate the status of the estate to him, he did not incur costs or fees related to that issue and is not entitled to recovery.

Arguably, James was partially successful in the prematurely-taken fees issue. However, Robert was also successful because he was awarded personal representative fees in the face of James' claim that he was entitled to no fees. Furthermore, Block succeeded in his claim that his fees were reasonable and that he did not unreasonably hold the estate open. Our supreme court stated in *Mid-Continent Refrig. Co. v. Straka*, 47 Wis. 2d 739, 751, 178 N.W.2d 28, 34 (1970), that "costs are purely discretionary when both parties recover on their respective claims in one action." We conclude that the court properly exercised its discretion by determining that Block and Robert, not James, were the prevailing parties and that they were entitled to payment for their costs and attorney's fees from the estate's assets. Because we conclude that the trial court properly exercised its discretion in this case, the judgment is affirmed in its entirety.

*By the Court.*—Judgment affirmed.